## Harned v. Roby, etc.

(Decided October 24, 1924.)

### Appeal from Bullitt Circuit Court.

1. Waters and Water Courses—Discharge of Water Through Ditches on Another's Land Raises Presumption of Prescriptive Right—Right Defeated by Subsequent Permissive Use.—Unexplained use of ditches across lands of another for discharge of water for thirty-two years, if continuous, would create presumption of easement; but where, after expiration of such time, for nineteen years use has been permissive, any prescriptive right has been defeated.

2. Waters and Water Courses—One Not Objecting to Discharge of Water by Adjoining Landowner Not Entitled to Damages.—Landowner was not entitled to damages caused by water, where he did not object to discharge of water by adjoining landowner through ditches on his land until after damage was done.

CHARLES CARROLL for appellant.

J. F. COMBS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming upon both the direct and the cross appeals.

Appellant, who was plaintiff below, claiming the right by prescription to collect and discharge water falling on his land into three ditches on adjoining lands owned by appellees, sought to enjoin their interference with his enjoyment of that right. By their answer and counterclaim, appellees denied such right in appellant, and sought to recover damages for water collected and

discharged upon their land by appellant. A trial of these issues by the chancellor resulted in the dismissal of both the petition and counterclaim, and both parties have appealed.

The evidence shows conclusively that two and possibly three ditches beginning on appellant's land have extended across that of appellees at times since 1870, but the evidence is not convincing that the ditches on the two farms have been connected continuously during that period, and there is no evidence as to whether the use of appellant and those under whom he claims of the ditches on appellees' land at such times as they may have been connected with the ditches on his land was permissive or adverse prior to 1902, when D. B. Ellison owned appellant's land and Lee Dawson owned appellees' land.

The unexplained use of the ditches across appellees' land by the owners of appellant's farm from 1870 to 1902, if it had been shown to be continuous, would have created a presumption of an easement appurtenant to appellant's farm, but in addition to doubt of continuous use is the fact, rather convincingly established, that the use since 1902 and until August, 1921, when the controversy arose, has been permissive at all times when exercised, a long enough period to defeat the prescriptive right if it ever existed.

The competency of declarations of D. B. Ellison, now dead, during the period of his ownership, indicating that he neither had nor claimed a right to use the ditches on appellees' land, is challenged, but being made while he owned appellant's farm and clearly against interest, they would seem to be competent. But whether so or not is not material and need not be discussed, since appellant acquired his farm in October, 1905, and his use during the more than fifteen years intervening between then and August, 1921, when the controversy arose, has been permissive according to the preponderance of the evidence, and upon such evidence we cannot disturb the chancellor's finding that appellant failed to establish the prescriptive right claimed.

This being true, it follows that it was not error to dismiss the petition.

Nor do we think the court erred in dismissing the counterclaim. Appellees bought their land in October, 1920, they did not object to appellant's use of the ditches until August, 1921, and the suit was filed in the following

November. Such use was therefore wrongful only after August, 1921, and while there is proof to the general effect that appellees' land and crops were damaged by water accumulated and cast thereon by appellant, there is no proof that this occurred after the controversy arose and before the suit was filed.

Wherefore, the judgment is affirmed upon both appeals.